IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GAVIN LEE CASDORPH, <br><br> Defendant. | Case No. 3:23-cr-00045-SLG |

**ORDER RE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583(e)**

Before the Court at Docket 4 is Defendant Gavin Lee Casdorph's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e). The Government responded in opposition at Docket 9.[1]

On August 3, 2022, Mr. Casdorph was sentenced in the Eastern District of Pennsylvania to 63 months' imprisonment and three years of supervised release after he pled guilty to Malicious False Information About Explosive in violation of 18 U.S.C. § 844(e).[2] In April 2023, Mr. Casdorph was released on supervision in Anchorage, Alaska, after jurisdiction was transferred from the Eastern District of

---

[1] *See also* Docket 7-1 (sealed presentence report); Docket 8 (sentencing transcript).

[2] Docket 1-1 at 1-2.

Pennsylvania to the District of Alaska.[3] His term of supervised release is set to end on April 10, 2026.[4]

Mr. Casdorph now seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e).[5] Section 3583(e)(1) permits a district court to

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[6] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; and the need to avoid unwarranted sentencing disparities. Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

---

[3] Docket 1 at 1.

[4] Docket 1 at 1.

[5] Docket 4 at 1-2.

[6] 18 U.S.C. § 3583(e).

Case No. 3:23-cr-00045-SLG, *United States v. Casdorph*
Order re Motion for Early Termination of Supervised Release
Page 2 of 4
Case 3:23-cr-00045-SLG   Document 12   Filed 08/02/24   Page 2 of 4

Mr. Casdorph contends that the Court should terminate his supervised release because the instant offense was his first and only criminal conviction, he was a model inmate while incarcerated, and he has not incurred any violations since his supervised release began.[7] Mr. Casdorph is also gainfully employed and seeks a termination of his supervised released to pursue employment advancement opportunities in Seattle, Washington.[8] The Government opposes Mr. Casdorph's motion.[9]

The nature and circumstances of Mr. Casdorph's crime are serious. He sent a mass email containing a bomb threat to staff at a college in Pennsylvania and posted the threat on social media.[10] In response to the threat, local and federal law enforcement responded to the college campus and searched for explosive devices, and college administrators moved the graduation ceremony to a more secure location; no bombs were found.[11] Mr. Casdorph made the threat after getting into a disagreement with another individual through an online chat platform.[12] While talking to investigators, he also admitted to travelling to Canada intending to commit murder and in fact firebombed a car of one of the intended

---

[7] Docket 4 at 3.

[8] Docket 4 at 3.

[9] Docket 9 at 4-5.

[10] Docket 7-1 at 4 (sealed).

[11] Docket 7-1 at 5 (sealed).

[12] Docket 7-1 at 7 (sealed).

Case No. 3:23-cr-00045-SLG, *United States v. Casdorph*
Order re Motion for Early Termination of Supervised Release
Page 3 of 4

Case 3:23-cr-00045-SLG   Document 12   Filed 08/02/24   Page 3 of 4

victims.[13] The Court has also considered Mr. Casdorph's history and characteristics; he is in his mid-twenties, is gainfully employed, the instant offense is his only criminal conviction, and he has thus far complied with the terms of his supervised release.[14] The need for a sentence to protect the public weighs heavily here, as Mr. Casdorph's crime was spurred by a common and trivial occurrence, an online disagreement, and his conduct resulted in a mass response by law enforcement and significantly disrupted the college's operations. A three-year term of supervised release is also consistent with the Sentencing Guidelines.[15] Upon consideration of the applicable § 3553(a) factors, Defendant's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e) is **DENIED**.[16]

DATED this 2nd day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[13] Docket 7-1 at 7 (sealed).

[14] Mr. Casdorph represents that United States Probation is unopposed to the termination of his supervised release. Docket 4 at 3.

[15] Docket 7-1 at 16 (sealed).

[16] While Rule 32.1(c)(1) provides that, "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation[,]" because the Court denies Mr. Casdorph's motion, no modification has occurred and therefore no hearing is required. *See United States v. Norris*, 62 F.4th 441, 447 (8th Cir. 2023) ("By its plain language, Rule 32.1(c)(1) applies only if a district court 'modif[ies] the conditions of . . . supervised release.'"); *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003) (holding that Rule 32.1(c) "does not compel the court to hold a hearing before refusing a request for modification.").

Case No. 3:23-cr-00045-SLG, *United States v. Casdorph*
Order re Motion for Early Termination of Supervised Release
Page 4 of 4
Case 3:23-cr-00045-SLG   Document 12   Filed 08/02/24   Page 4 of 4